968 F.2d 21
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Donald RICKERSON, Petitioner-Appellant Cross-Appellee,
v.
Robert TANSY, Warden, Respondent-Appellee Cross-Appellant.
 Nos. 91-2148, 91-2153.
 United States Court of Appeals, Tenth Circuit.
 June 23, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 On January 28, 1983, Petitioner and another man robbed a service station in Tularosa, New Mexico. During the robbery, Petitioner shot and killed the station owner. Petitioner ordered two customers at the station, eyewitnesses to the shooting, to take the body to the service bay of the station; he then robbed the witnesses, threatened to kill them because they witnessed the crime, locked them in a back room with threats of harm if they left there within a certain time, and fled the scene.
 
 
 3
 Petitioner was convicted in state court of felony first degree murder and armed robbery and was sentenced to life plus twenty-one years in prison, including enhancement for aggravating circumstances and habitual offender status. Petitioner filed a petition for writ of habeas corpus in the district court, pursuant to 28 U.S.C. § 2254. The district court denied habeas relief with regard to Petitioner's request that his mandatory life sentence and mandatory habitual offender sentences be set aside, and that his convictions be set aside. The district court granted the petition with respect to the armed robbery and aggravating circumstances portions of Petitioner's sentence, ordering that those portions of Petitioner's sentence be vacated because of ineffective assistance of counsel at the sentencing phase. Petitioner appeals the district court's denial of the remainder of his petition for writ of habeas corpus, and Respondent cross-appeals the district court's partial grant of the petition.
 
 
 4
 We have thoroughly reviewed the pleadings and the record, and we agree with the district court's analysis and holding that Petitioner was not denied effective assistance of counsel at the plea stage, that Petitioner's conviction of both armed robbery and felony murder does not violate prohibitions against double jeopardy, and that the felony murder doctrine under New Mexico law does not violate due process. We affirm the district court's denial of habeas relief on those issues for substantially the same reasons set forth in the Order Adopting, Modifying And Supplementing Magistrate's Proposed Findings And Recommended Disposition dated May 21, 1991, which adopts in part the Magistrate's Proposed Findings And Recommended Disposition dated April 8, 1991.
 
 
 5
 We do not agree, however, with the district court's holding that Petitioner was denied effective assistance of counsel at the sentencing phase. The district court found that prejudice resulting from denial of effective assistance was "evident in the fact of maximum sentencing where defense counsel failed to perform within the minimum standards required." R.Vol. I tab 42 at 2. The court further found that "the availability of evidence in support of mitigation indicates, to a degree of reasonable probability, that sentencing would have differed had defense counsel performed his duties effectively." Id. The findings and recommendations made by the magistrate, which were adopted by the court with respect to the issue of assistance of counsel, focused on the fact that there was evidence that Petitioner had an alcohol problem which could have been presented to the sentencing court for purposes of mitigation. R.Vol. I tab 39 at 10-11. The magistrate found that counsel's failure to call any witnesses at the sentencing phase to testify to Petitioner's alcohol problem, as well as counsel's failure to advance any other theory of mitigation, constituted a complete failure to act on his client's behalf and was insufficient to sustain the strong presumption of reasonably effective performance. Id. at 11.
 
 
 6
 A defendant must show two things to establish a violation of his Sixth Amendment right to effective assistance of counsel. First, counsel's performance must be shown to be deficient under prevailing professional norms and, second, the deficient performance must have prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984); United States v. Rivera, 900 F.2d 1462, 1472 (10th Cir.1990). Prejudice exists if it is shown that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Determining whether the two prongs of the test are met is a mixed question of law and fact, id. at 698, which we review de novo. In determining compliance with the two prongs of the Strickland test, "[j]udicial scrutiny of counsel's performance must be highly deferential," id. at 689, and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. Further, when the evidence of guilt and aggravating factors is extensive, the chance that mitigating evidence would change the sentencing outcome is doubtful. See Coleman v. Brown, 802 F.2d 1227, 1235 (10th Cir.1986), cert. denied, 482 U.S. 909 (1987).
 
 
 7
 Applying those guiding principles to the case at hand, we are not persuaded that defense counsel's failure to call witnesses to testify as to Petitioner's general alcohol abuse prejudiced the defense at sentencing.[1] Defense counsel actively participated in the sentencing phase by cross-examining prosecution witnesses and making argument to the court. Defense counsel brought up Petitioner's alcohol problems in cross-examination and, in his argument, counsel mentioned several times that Petitioner had a serious problem with alcohol; that this particular crime, as well as previous incidents, occurred because Petitioner became so drunk that he was unaware of his actions; that Petitioner drank to excess and to the point of stupefication; and that alcohol was and always has been his problem. R. February 10, 1983 Sentencing Hearing Tape # 1. Immediately after hearing defense counsel's argument, the sentencing judge used harsh words in delivering Petitioner's sentence, further evidencing lack of prejudice. The sentencing judge found in open court that Petitioner was a "serious danger to society" and that the rehabilitation prognosis for Petitioner was "very poor to nonexistent." Id. The court ordered that the sentences be served consecutively, and not concurrently. Id. Further, the sentencing judge stated that he would appear at any future parole hearing to recommend that Petitioner not be paroled because it was his "sincere desire" that Petitioner never set foot out of the New Mexico Penitentiary. R. February 10, 1983 Sentencing Hearing Tape # 2.
 
 
 8
 In light of the foregoing, and considering the strength of the prosecution's case, we conclude that there is not a reasonable probability that the sentencing court would have given Petitioner a lesser sentence had defense counsel presented further mitigating evidence regarding Petitioner's alcohol problem. We therefore reverse the district court's partial grant of habeas relief on this issue, and we remand this case to the district court for proceedings consistent with this opinion.
 
 
 9
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED in part and REVERSED and REMANDED in part. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Both prongs of the Strickland test must be met before a finding of ineffective assistance can be made. Strickland, 466 U.S. at 687. Because we find no prejudice resulting from counsel's performance, we do not decide whether counsel's performance was deficient